UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Robert Raiford, et al.,

        Plaintiffs,

vs.                                                                            Case No.  3:11-cv-164-J-34MCR

Delta International Machinery Corp., et al.,

        Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Preserve Evidence (Doc. 16) filed June 2, 2011.  Defendant, Delta International Machinery Corp., moves this Court to: (a) require the preservation of the subject Delta 10' Shopmaster Motorized Table Saw and related components, (b) prohibit any alteration or destructive testing of the subject saw, work piece, and any and all other related evidence in Plaintiff's possession, and (c) issue the parties' Agreed Order to Preserve Evidence.  (Id.).

The Court assumes Defendant is seeking a protective order pursuant to Federal Rule of Civil Procedure 26(c),[1] in which the court may enter a protective order upon motion of a party "for good cause shown."  Fed. R. Civ. P. 26(c).  Upon a finding of good cause, the Court may make any order "which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense."  Id.  Moreover, the Court may agree to enter a protective order when it is necessary to expedite the

---

[1] Defendant cites to numerous state court cases but fails to provide any federal authority for the relief sought.  See (Doc. 16).

flow of discovery material, promote prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection. <u>DYC Fishing, Ltd. v. Beaver St. Fisheries, Inc.</u>, 2007 U.S. Dist. LEXIS 41139, 2007 WL 1655389, *2 (M.D. Fla. May 18, 2007) (citing <u>McCarthy v. Barnett Bank of Polk County</u>, 876 F.2d 89, 91 (11th Cir. 1989)).

Here, the Court finds good cause exists to facilitate the preservation of material worthy of protection.[2] However, certain portions of the parties' Agreed Order to Preserve Evidence (Doc. 16-A) have been modified. Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Preserve Evidence (Doc. 16) is **GRANTED in part.** The Court approves the terms of the modified Order to Preserve Evidence attached to this Order. The parties are hereby bound by those terms.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of June, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The Complaint raises products liability claims against Defendant that directly place in issue the condition of the subject saw, the work piece, and all other related evidence. (Doc. 2). In order for Defendant to adequately defend itself, it is essential that the subject saw, work piece, and all other related evidence remain in its initial post-accident condition.

Copies to:

Counsel of Record
Any Unrepresented Party